UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SAVASTANO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF CALIFORNIA, B. CASH, WARDEN,<br><br>　　　　Respondents. | Case No. EDCV 13-00710-PA (OP)<br><br>ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |

## I.

## **INTRODUCTION**

On April 11, 2013, Kenneth Savastano ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]  (ECF No. 1.)

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001).  The Court has used the signature date on the Petition as the constructive filing date since the signature date is the earliest date on which Petitioner could have turned

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the
2 United States District Courts, the Court has examined the current Petition and
3 finds that it plainly appears from its face that Petitioner is not entitled to relief in
4 the district court. Specifically, the Court finds that the Petition is subject to
5 dismissal as untimely.

## II.

## PROCEDURAL HISTORY

On June 4, 2008, after entering guilty pleas in the San Bernardino County Superior Court, case number FSB055846, Petitioner was convicted of three counts of attempted murder with a weapon. On the same date, Petitioner was sentenced to a state prison term of at least twenty-five years (twenty-five years on count one, two years and four months on count two, and two years and four months on count three). (Pet. at 3.)

Petitioner claims he filed an appeal. However, an examination of the California Courts' website did not reveal the filing of a direct appeal in the California Court of Appeal or a petition for review in the California Supreme Court. (Id.; Official Records of California Courts.[2])

On May 18, 2009, Petitioner filed a habeas corpus petition in the California Supreme Court, case number S172985. On September 30, 2009, the supreme court denied the petition without comment or citation. (Official Records of California Courts.)

On June 6, 2011, Petitioner filed a second habeas corpus petition in the California Supreme Court, case number S193721. On October 19, 2011, the

---

the Petition over to the prison authorities for mailing.

[2] The Court takes judicial notice of the state court records which are available on the Internet at http://appellatecases. courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

2

supreme court denied the petition with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Swain, 34 Cal. 2d 300, 304). (Pet. at 4; Official Records of California Courts.)

For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

## III.

## DISCUSSION

### A. Standard of Review.

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

### B. The Petition Was Not Filed Within the Limitation Period.

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set

forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As stated above, on June 4, 2008, after entering guilty pleas to three counts of attempted murder with a weapon, Petitioner was sentenced to a state prison term of at least twenty-five years. (Pet. at 3.) Although Petitioner claims he filed an appeal, an examination of the California Courts' website did not reveal the filing of a direct appeal in the California Court of Appeal or a petition for review in the California Supreme Court. (Id.; Official Records of California Courts.) As a result, Petitioner's conviction thereafter became final on August 3, 2008, sixty days after his sentencing. See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct. 30.1). Petitioner had until August 3, 2009, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A); see also Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not constructively file the current Petition until April 11, 2013, over three and one half years after the limitation period expired. Thus, absent applicable statutory tolling, equitable tolling, or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the current Petition appears to be untimely.

**C.      Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1 any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

2     The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Saffold, 536 U.S. at 222-23).[4]

    As set forth above, Petitioner's limitation period ended on August 3, 2009. Petitioner filed his first state habeas petition in the California Supreme Court on May 18, 2009, which was denied on September 30, 2009. (Official Records of California Courts.) At the time the petition was filed, 288 days of the limitation period had lapsed. Petitioner is entitled to statutory tolling for the time period

---

[4] The Court in Chavis held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Chavis, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

1  this petition was pending pursuant to 28 U.S.C. § 2244(d)(2).  Thus, at the
2  supreme court denied the petition, seventy-seven days of the limitation period
3  remained.
4        Petitioner filed his second state habeas petition in the California Supreme
5  Court 614 days later, on June 6, 2011, well beyond the expiration of the
6  limitation period.  (Official Records of California Courts.)  Petitioner is not
7  entitled to statutory tolling for the time period this petition was pending pursuant
8  to 28 U.S.C. § 2244(d)(2).  Section 2244(d) does not permit the reinitiation of the
9  AEDPA limitations period that has ended before a state habeas petition is filed.
10  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d)
11  "does not permit the reinitiation of the limitations period that has ended before
12  the state petition was filed," even if the state petition was timely filed); see also
13  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264
14  F.3d 894, 898-99 (9th Cir. 2001).  Thus, absent equitable tolling or an alternate
15  start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the
16  current Petition appears to be untimely.

17  **D.**    **Equitable Tolling.**
18        The one-year limitation period is subject to equitable tolling if a petitioner
19  demonstrates:  "'(1) that he has been pursuing his rights diligently, and (2) that
20  some extraordinary circumstance stood in his way' and prevented timely filing."
21  Holland v. Florida, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting
22  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669
23  (2005)).  A petitioner bears the burden of alleging facts that would give rise to
24  tolling.  Id.  "[T]he threshold necessary to trigger equitable tolling under [the]
25  AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro,
26  292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation
27  omitted).  This high bar is necessary to effectuate the "AEDPA's statutory
28

purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts"). Petitioner has not set forth any facts showing that he is entitled to equitable tolling.

### E. Alternate Start of the Statute of Limitations.

#### 1. State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. Lott, 304 F.3d at 925. Petitioner has not set forth any facts showing that he is entitled to relief under this provision.

#### 2. Newly Recognized Constitutional Right.

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner has not set forth any facts showing that he is entitled to relief under this provision.

#### 3. Discovery of Factual Predicate.

The AEDPA further provides that, in certain cases, its one-year limitations

period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner has not set forth any facts showing that he is entitled to relief under this provision.

## V.

## **ORDER**

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely. Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty days of the date of this Order. In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     Failure to comply with these requirements may result in the dismissal of
2 this action for failure to prosecute and/or failure to comply with a court order.
3 Failure to remedy the deficiencies discussed may also result in a recommendation
4 that the action be dismissed.

6 **IT IS SO ORDERED.**

8 DATED: April 19, 2013

                                HONORABLE OSWALD PARADA
                                United States Magistrate Judge